[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 30, 2012
JOHN LEY
CLERK

No. 11-13032
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-20715-KMM-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

AVID PONCE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 30, 2012)

Before WILSON, PRYOR, and KRAVITCH, Circuit Judges.

PER CURIAM:

Avid Ponce pleaded guilty to violating a condition of his supervised release and was sentenced to 10 months imprisonment. In this appeal he argues that his due process rights were violated because when fashioning his sentence the court considered a portion of his criminal record that included a charge that was *nolle prossed* and a charge that resulted in no action.

A sentencing court may consider a defendant's criminal record even when it contains charges that did not result in a conviction. *Williams v. New York*, 337 U.S. 241, 69 S. Ct. 1079 (1949) (holding due process rights were not denied when a sentencing court based its decision to impose a death penalty on information about burglaries for which the defendant had not been convicted). This principle was codified in 18 U.S.C. § 3661: "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Additionally, the Sentencing Commission expressly incorporated § 3661 into the Sentencing Guidelines. *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.4 (citing 18 U.S.C. § 3661). Appellant's argument has no merit.

**AFFIRMED**.